## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MAINE

```
************************************
In re:                                    *
                                          *  Chapter  7
    Patrick J. Demers and                 *
    Michele L. Demers,                    *  Case No. 09-20005
                                          *
  Debtors                                 *
                                          *
************************************
                                          *
    Michael D. York, Sr.,                 *
    Plaintiff                             *  Adversary Proceeding
v.                                        *  No.  09-2020
    Patrick J. Demers and                 *
    Michele L. Demers                     *
    Defendant                             *
                                          *
************************************
```

## Decision

Before me is a motion to lift default filed by Patrick J. Demers, and Michael D. York's motion for entry of default judgment against Patrick J. Demers. For the reasons set forth below, I deny the motion to lift default and grant the motion for default judgment.

This adversary proceeding was commenced by summons and complaint on April 7, 2009. (Dkt. No. 1). The complaint was properly served on the defendants by mail at the address provided by them in their court filings. (Dkt. No. 4). When the defendants failed to answer, York requested, and was granted, entry of default. (Dkt. No. 7). York then moved for default judgment against Patrick Demers, (Dkt. No. 10), providing notice of the hearing, again by mail, to the same address as he previously used. (Dkt. Nos. 9, 10).

A hearing on the motion convened on June 24, 2009. The defendants appeared pro se and claimed that, although they had received all other case-related correspondence, they had never

received the complaint and, therefore, had excusably failed to answer it. Rather than act on the motion for judgment at that time, I provided Mr. and Mrs. Demers an opportunity to seek relief from default. This he did by motion filed July 7, 2009. (Dkt. No. 14). The motion simply claimed that Patrick "never received" the complaint prior to June 24, 2009, and that he disagreed with the complaint's allegations.

On July 29, 2009, hearings on the motion to lift default and continued hearings on the motion for default judgment against Patrick Demers convened. I agreed to treat Patrick's motion to lift the default as filed on behalf of both defendants, but determined that, although there has not been an unreasonable delay in these proceedings, and although York would not be greatly prejudiced were the default lifted and the matter tried on the merits, the defendants have failed to establish "good cause" to lift the default. See KPS Assoc. v. Designs by FMC, Inc., 318 F.3d 1, 12 (1st Cir. 2003); see also Fed. R. Bankr. Pro. 7055 (making Fed. R. Civ. Pro. 55(c) applicable to adversary proceedings). If the requirement that defaulted defendants are to demonstrate "good cause" to obtain relief from an order of default holds any substantive content, it must require more that an implausible contention that service failed[1] and a broadside denial of liability. See KPS Assoc., 381 F.3d at 12-14.

Although courts must be understanding of their circumstance, pro se litigants are held to the same standards as other litigants. Andrews v. City of Calais, 2005 U.S. Dist. LEXIS 34778 (D. Me. Nov. 9, 2005), quoting Doe v. Solavay, 350 F.Supp.2d 257, 260 n.3 (D. Me. 2004) (those who do proceed pro se in this court are "held generally to the same standards as an attorney").

---

[1] Mr. Demers simply states he never received a copy of the action filed until the undersigned's re-mailing (to the same address).

2

The burden is on the defaulted party to give grounds for "good cause." KPS Assoc., 318 F.3d at 14. Thus, the motion to lift default will be denied.

As to the motion for default judgment, less need be said. It is aimed solely at Patrick Demers and solely at determining nondischargeability of Patrick's obligations to York. Given the complaint's allegations, which are deemed admitted, see U.S. v. Ponte, 246 F.Supp.2d 74, 75 (D. Me. 2003), nondishargeability under 11 U.S.C. § 523(a)(2) is indisputable. As far as Michele Demers and other claims are concerned, the motion is of no effect. Thus, default judgment determining Patrick Demers' obligation to Michael York to be nondischargeable shall enter.[2]

July 31, 2009
Date

/s/ James B. Haines, Jr.

James B. Haines, Jr., Bankruptcy Judge

---

[2] York's opposition to the motion to lift default contains a host of unproven allegations about the defendants. I give them no weight in reaching today's decision.